# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENN GARVIN, | * | No. 2:06-cv-02266-AK |
| Petitioner, | * | |
| v. | * | |
| D.K. SISTO, Warden;<br>Board of Parole Hearings;<br>Attorney General of the State of<br>California, | * | ORDER |
| Respondents. | * | |

    Petitioner Glenn Garvin is a California state prisoner. In 1983, Garvin—along with his brother and a friend—attacked a backpacker in a public bathroom, stabbed him many times and left him to die. Garvin was tried and convicted of second degree murder, and was sentenced to 16 years to life in prison.

    In January 2006, the Board of Parole Hearings denied Garvin parole for three years, finding that he was "not suitable for parole and would pose an unreasonable risk or danger to society or a threat to public safety if released from prison." The Board based its conclusion on (1) the particularly cruel and callous

nature of the commitment offense; (2) the escalating pattern of criminal conduct leading up to the offense; (3) Garvin's continued refusal to take responsibility and gain insight regarding the offense; (4) his failure to develop a marketable vocational skill; (5) his failure to address his problems with substance abuse; and (6) his lack of adequate plans to support himself upon release.

Garvin raises several challenges to the Board's decision to deny parole. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), our review of claims raised in a section 2254 habeas petition is limited to determining whether the state court's adjudication of the claims was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Habeas relief may be granted only if the state court rendered a decision that "was contrary to or involved an unreasonable application of [the Supreme Court's] applicable holdings." Carey v. Musladin, 549 U.S. 70, 74 (2006). In performing this analysis, we normally look to the last reasoned decision of the state courts. See Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). But where, as here, the state courts issued summary denials that provide no explanation of their reasons for rejecting the petitioner's claims, we must conduct an independent review of the record to determine whether the state courts' decisions were contrary to or involved an unreasonable application of Supreme

Court holdings. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

Garvin contends that the Board's decision violated due process because it wasn't supported by any relevant, reliable evidence. It is established that the requirements of due process are satisfied if "some evidence" supports the Board's decision to deny parole. See Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007). Here, the factors cited by the Board—each of which is supported by the record—constitute "some evidence" supporting the Board's conclusion that releasing Garvin would endanger public safety and that he is therefore unsuitable for parole. Garvin's arguments to the contrary are meritless.

Garvin also contends that his due process rights were violated because the Board's decision didn't reflect consideration of all relevant factors and because his parole consideration hearing was held one month late. Supreme Court precedent has established only two requirements for due process in the parole context: The inmate must receive an opportunity to be heard and a decision explaining the reasons for the parole denial, see Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1976), and the decision must be supported by "some evidence," see Superintendent v. Hill, 472 U.S. 445, 455–57 (1985); Irons, 505 F.3d at 851. Garvin received a hearing and a decision that is supported by some evidence. The due process clause, as interpreted by the Supreme Court, does not

require more.

Garvin further contends that the Board's decision violated the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). Even assuming that Apprendi is applicable in the parole context, Garvin's claim fails because the denial of parole didn't increase his sentence beyond the statutory maximum of life in prison.

Because Garvin hasn't established a constitutional violation under Supreme Court precedent, the state courts' denials of his claims were not contrary to or unreasonable applications of clearly established federal law.

The petition for a writ of habeas corpus is DENIED.

March 27, 2009

ALEX KOZINSKI
United States Chief Circuit Judge
Sitting by designation